## Opening of Quincy Township Ballot-Box.

*Election law — Petition by electors to open ballot-box—Act of April 23, 1927—Fraud and substantial error—Immaterial error—Loss of $50 forfeit posted by petitioners.*

Where three qualified electors, in accordance with the Act of April 23, 1927, P. L. 360, file a bond for $50 and allege that fraud has been committed in computing the returns of an election district and the ballot-box is opened and the vote counted, and the result of the count shows only immaterial errors in the computation and no fraud, the return as made by the election board will not be altered and the $50 forfeit will be ordered paid over to the county treasurer.

Petition of certain qualified electors of the Fourth Election District of Quincy Township for the opening of the ballot-box in said district. Recorded Vol. "K," page 440. C. P. Franklin Co.

*T. Z. Minehart,* for petitioners.

DAVISON, P. J., Nov. 30, 1927.—Upon petition filed by more than three qualified electors of the Fourth Election District of Quincy Township, Franklin County, Pennsylvania, alleging that fraud, although not manifest on the general returns of votes made from said district at the municipal election held on Nov. 8, 1927, was committed in said district in the computation of the votes cast therein, or in the marking of the ballots or otherwise in connection with such ballots, said court ordered the Sheriff of Franklin County to seize said ballot-box and to have it before said court on Friday, Nov. 25, 1927, at 10 o'clock A. M., to be opened as required by law; and said court designated F. S. Magill, of Chambersburg, in said county, and C. P. Omwake, of Antrim Township, in said county, to cause the entire vote of said district to be correctly counted, and appointed T. Z. Minehart and C. H. Clippinger to assist in tabulating said vote.

On said day said ballot-box was opened in open court and said parties so designated examined the same in the presence of the judge of said court and examined the marking of the ballots and correctly counted said ballots and made return thereof to said court, which said computation and return are filed herewith.

From said examination of said ballots and computation of the votes cast in said election district at said election, as shown by the opening of said ballot-box, the court finds that there was no fraud or indication of fraud on the part of the election officers of said district at said election, but everything, so far as shown by said ballots and computation thereof, showed absolute fairness and honesty. Some small errors in the counting of the vote were found, but they were not substantial errors and were not caused by fraud. The errors were such as would easily occur on the part of election officers selected from the people at large, and were evidently not intentional nor were they sufficient to be deemed substantial. The act of assembly under the provisions of which these proceedings were instituted, being the Act approved April 23, 1927, P. L. 360, does not speak of mere errors in referring to the filing of the bond or deposit of cash with the prothonotary upon filing such petition, but provides that if fraud or substantial error were not discovered then said sum of $50 was to be paid to the county treasurer. Substantial is defined in Webster's Dictionary as "considerable in amount, value or the like, large." The small errors which crept into this count were not substantial as so defined, and as it is coupled with fraud in said act, it is evidently intended to be something more than mere small errors such as appear in this case.

It is, therefore, found by the court that no fraud or substantial error was committed in the computation of the vote cast on the ballots contained in said ballot-box or fraud in the marking of the ballots contained therein, or otherwise in connection with such ballots, and, therefore, Nov. 30, 1927, it is hereby certified by said court that fraud or substantial error was not discovered in said matter, and the sum of $50 cash deposited with the prothonotary by said petitioners is hereby declared forfeited by said petitioners to said County of Franklin, and the prothonotary of said county is directed to pay the same to the county treasurer of said County of Franklin as provided for in said act of assembly.

From King Alexander, Chambersburg, Pa.